# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE VAZQUEZ MORALES, ) | |
| ) | Civil Action No. 2: 16-cv-0385 |
| Petitioner, ) | |
| ) | United States Magistrate Judge |
| v. ) | Cynthia Reed Eddy |
| ) | |
| DISTRICT ATTORNEY OF ) | |
| ALLEGHENY COUNTY, and ) | |
| SUPERINTENDENT OF SCI CHESTER, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending is Petitioner's Motion for Reconsideration (ECF No. 45), to which Respondents have responded in opposition (ECF No. 48), and Petitioner has filed a Reply. (ECF No. 49). For the reasons that follow, the motion will be denied.

### Background

This case was initiated on April 4, 2016, by the pro se filing of a Motion for Leave to Proceed *in forma pauperis* by Petitioner, Joseph Vazquez Morales. Attached to the motion was a 15-page standard form Petition Under 28 U.S.C. § 2254, a two-page typewritten Brief Statement of the Facts, and approximately 265 pages of exhibits. The Motion was denied because, based on Petitioner's submissions, it was clear that he could afford the $5 filing fee. On May 24, 2016, Petitioner paid the $5.00 filing fee in full and his Petition, Brief Statement, and Exhibits were filed at ECF No. 6.

Service was effectuated on Respondents and on August 23, 2016, Respondents filed an Answer, and attached 70 pages of relevant state court documents. (ECF No. 14). On November 17, 2016, the Court received a handwritten document written in Spanish from Petitioner. (ECF

No. 21). The letter was returned to Petitioner with instructions that he may refile the document in the English language. (ECF No. 22). On January 6, 2017, the Court received correspondence dated December 22, 2016, submitted on behalf of Petitioner stating that the writer was concerned because Petitioner "spoke little English and reads no English and was getting little to no help from the DOC getting said documents translated." (ECF No. 23). Concerned about an apparent language barrier, on January 10, 2017, the Court appointed the Federal Public Defender's Office to assist Petitioner in his habeas case and instructed the Federal Public Defender's Office to advise the Court as to whether it anticipating filing any additional pleadings in the case. (ECF No. 24).

On March 2, 2017, counsel for Petitioner filed a motion for leave to file an Amended Petition. (ECF No. 27). Since appointment, counsel has requested four extensions of time in which to file an Amended Petition. (ECF Nos. 29, 33, 35, and 40). Counsel has indicated that a claim that trial counsel was ineffective for failing to adequately investigate and present a defense of diminished capacity will be raised in the Amended Petition. Presently, the Amended Petition is due to be filed by November 30, 2017. (ECF No. 43).

On October 26, 2017, counsel for Petitioner filed a motion for request for issuance of subpoena duces tecum directed to the Behavior Assessment Unit for Allegheny County Court (ECF No. 39), requesting all "notes, memorandums, reports, test results, and photographs" regarding Petitioner's criminal case. On October 27, 2017, Respondents responded in opposition. (ECF No. 41). Later that day, after considering the positions of both parties, the Court denied <u>without prejudice</u> Petitioner's request. The Court ordered as follows:

> [A]t this time, Petitioner, has not established "good cause" for the discovery nor has he demonstrated that the requested material is pertinent. This request is

> denied without prejudice to Petitioner renewing the request for discovery after Respondents have filed their amended answer to the amended petition for writ of habeas corpus, which is due to be filed no later than November 30, 2017.

Text Order, 10/27/2017, ECF No. 44. It is this Order which is the subject of the instant Motion for Reconsideration. (ECF No. 45).

On November 8, 2017, Respondents filed their Second Response to the Request for Issuance of Subpoena Duces Tecum, again objecting to the subpoena; Petitioner filed a Reply. (ECF No. 49). The matter is ripe for review.

<u>Standard of Review</u>

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern.., Inc.,* 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985)). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See *Howard Hess Dental,* 602 F.3d at 251 (citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999)).

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D.Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for

3

reconsideration should be granted sparingly. *Rossi v. Schlarbaum,* 600 F. Supp.2d 650, 670 (E.D.Pa. 2009).

## Discussion

The Court finds that there is no basis upon which the Court should grant this motion. Petitioner's motion does not satisfy any of the three possible grounds to grant a motion for reconsideration.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6 of the Habeas Rules,[1] "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." "Good cause" has been defined as "specific allegations before the court [which] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09.

Essentially, Petitioner is seeking pre-petition[2] discovery of evidence supporting a claim of ineffective assistance of counsel for failing to adequately investigate and present a defense of diminished capacity. Rule 2(c) of the Habeas Rules does not require that a petitioner state facts

---

[1] "Habeas Rules" refers to the Rules Governing 2254 Proceedings for the United States District Courts.

[2] The Court recognizes that one may argue that this is not a requests for pre-petition discovery, as Petitioner filed a pro se petition, to which Respondents answered. In his original petition, Petitioner raised the following grounds for relief: "ineffective of counsel; lack of evidence; counsel failed to contact witnesses; false of testimonies of witnesses; lack of merit; language barrier." (Ground One, quoted verbatim). However, counsel has requested leave to file an Amended Petition, which will now include a new ineffectiveness of counsel claim, *to wit*: failure to investigate and present a defense of diminished capacity. This case has been stayed pending filing of the Amended Petition.

4

showing he is entitled to relief; rather, a petitioner is required only to "state the facts supporting each ground" of his petition. The Advisory Committee Notes to Rule 4 state that "[t]he petition is expected to state facts that point to a 'real possibility of constitutional error'." *Calderon v. U.S. Dist. Court for the Northern Dist. of California,* 98 F.3d 1102, 1109 (9th Cir. 1996).[3] "Thus the facts in a habeas petition need not be so detailed as to establish a prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." *Id.*

In this case, Petitioner has alleged in his motions that the records of the Behavior Assessment Unit for Allegheny County Court may be material to his claim of ineffective assistance of counsel. Once Petitioner has filed his Amended Petition outlining his factual allegations, and Respondents have had an opportunity to respond to the amended petition, he may refile his request for discovery and may be able to obtain Rule 6 discovery upon a showing of good cause. With the limited record before the Court at this time, the Court is unable to

---

[3] In *Calderon*, a California death row inmate (Robert Henry Nicolaus) filed a motion to serve subpoenas on the Sacramento District Attorney's Office and the Sacramento Police Department seeking information related to his case. The district court granted his motion and the Ninth Circuit Court of Appeals issued a writ of mandamus to vacate the discovery order and prohibit the issuance of further discovery orders until the petitioner filed a federal petition for writ of habeas corpus. The Ninth Circuit Court of Appeals concluded that "pre-petition discovery is impermissible" because: (1) "a prisoner must first outline factual allegations in a petition before a district court will be able to determine the propriety of discovery;" (2) "any right to federal discovery presupposes the presentation of an unexhausted federal claim. . ."; (3) "Rule 6 is limited to 'the processes of discovery available under the Federal Rules of Civil Procedure' and, with one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery;" and (4) "Courts should not allow prisoners to use federal discovery for fishing expeditions." *United States v. Johnson*, Crim. No. 08-374, 2017 WL 3034928 at *1 (W.D.Pa. July 18, 2017) (Conti, C.J.) (quoting *Calderon*, 98 F.3d at 1106). The exception arises when a party can show the need to perpetuate testimony that may not be available later. Fed.R.Civ.P. 27. In the instant case, Petitioner did not contend that his discovery request qualifies for this exception.

determine the propriety of the requested discovery. Accordingly, until Petitioner has filed his Amended Petition, and Respondents have responded, he cannot avail himself of Rule 6 discovery.

An appropriate Order follows.

### ORDER OF COURT

**AND NOW,** this 14th day of November, 2017, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Motion for Reconsideration is **DENIED**. Petitioner's request for a subpoena duces tecum directed to the Behavior Assessment Unit for Allegheny County Court is again denied without prejudice to Petitioner renewing the request for discovery after Respondents have filed their amended answer to the amended petition for writ of habeas corpus.

/s Cynthia Reed Eddy_____
Cynthia Reed Eddy
United States Magistrate Judge

cc: All counsel of record
(via ECF electronic notification)